Affirmed and Memorandum Opinion filed February 19, 2008








Affirmed and Memorandum Opinion filed February 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00794-CR

____________

 

RICKIE LYNN GRAVES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 29,378-A

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Rickie Lynn Graves, was indicted on the offense
of possession of a prohibited substance in a correctional facility.  The jury
returned a guilty verdict, and after finding enhancements true, the trial court
sentenced appellant to fifty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant
later filed a post-conviction motion for forensic DNA testing of a piece of the
State=s evidence.  The
trial court conducted a hearing and denied the motion.  The Seventh Court of
Appeals affirmed this denial.  Appellant then filed a second motion for
forensic DNA testing of the same piece of the State=s evidence.  The
trial court denied the motion.  It is the denial of this second motion for
forensic DNA testing that appellant complains of here. 

Factual
Background

On June 3, 1997, appellant was an inmate in the Central
Unit, Texas Department of Criminal Justice, Institutional Division, in
Sugarland, Texas.  Late in the morning, he was coming into one of the dormitory
units when a correctional officer conducted a pat-down search of appellant. 
Appellant pulled out the contents of his pockets, including his wallet, and
handed them to the officer.  The officer opened the wallet and found a piece of
tissue paper around two tightly wrapped cigarettes.  The cigarettes were
confiscated and passed through a chain of custody to the Department of Public
Safety Crime Lab in Houston, which tested the cigarettes and found them to
contain marijuana.

Standard
of Review and Applicable Law

We review the trial court's decision to deny DNA testing
under a bifurcated standard of review. See Whitaker v. State, 160 S.W.3d
5, 8 (Tex. Crim. App. 2004). We defer to the trial court's determination of
issues of historical fact and application‑of‑law‑to‑fact
issues that turn on credibility and demeanor, while we review de novo other
application‑of‑law‑to‑fact issues.  Id.  Where,
as here, no hearing was held and the trial record and affidavit of appellant
are the only sources of information supporting the motion, we will review the
issue de novo.  See Smith v. State, 165 S.W.3d 361, 363 (Tex. Crim. App.
2005).   








A convicting court may order forensic DNA testing if the
court finds 1) the evidence still exists and is in a condition making DNA
testing possible; 2) it has been subjected to a chain of custody sufficient to
establish that it has not been substituted, tampered with, replaced, or altered
in any material respect; and 3) identity was or is an issue in the case.  Tex. Code Crim. Proc. art. 64.03(a)(1);
Whitaker, 160 S.W.3d at 8.  In addition, the convicted person bears the
burden of showing by a preponderance of the evidence that he or she would not
have been convicted if exculpatory results had been obtained through DNA
testing.  Tex. Code Crim. Proc.
art. 64.03(a)(2)(A).  Stated differently, A[t]he defendant
must prove that, had the results of the DNA test been available at trial, there
is a 51% chance that the defendant would not have been convicted.@ Smith, 165
S.W.3d at 364 (quoting House Criminal Jurisprudence Comm., Bill Analysis, Tex.
H.B. 1011, 78th Leg., R.S. (2003)).  Such a showing is not made if exculpatory
test results would Amerely muddy the waters.@ Rivera v.
State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Analysis

All three of appellant=s issues appear to
be predicated on the trial court=s use of the
following language in its order: AAs the issues
raised by the defendant have already been addressed numerous times, his request
for DNA testing has already been addressed and he presents no new grounds or
reasons for the testing of the DNA[,] it is the decision of this Court to Deny
defendant[=]s motion.@  Appellant=s first and third
issues are nearly identical and complain that the trial court used the wrong
standard of review.  The second complains that the court erred in holding that
no new grounds or reasons for granting the motion had been brought forth, where
there have been developments in the law since appellant=s last motion for
post-conviction forensic DNA testing was denied.  Regardless of whether the
trial court incorrectly relied on a previous ruling or applied an incorrect
standard of review, we still affirm the trial court=s judgment because
the result is correct.  Arnott v. State, 498 S.W.2d 166, 179 (Tex. Crim.
App. 1973) (AEven if a trial judge relies upon a wrong ground or
gives the wrong reason for a ruling, this Court is not bound to limit its
consideration to such a reason if the decision below is correct.@).








Assuming that identity is at issue in a trial where a
defendant asserts a defense that he has been framed, appellant still has not
shown by a preponderance of the evidence that he would not have been convicted
if exculpatory results had been obtained through DNA testing.  See Tex. Code Crim. Proc. art. 64.03.  If
no DNA evidence is recoverable from the marijuana cigarettes, or if the DNA is
from someone other than appellant, this would be little or no evidence that
appellant did not possess the marijuana cigarettes.  It was not alleged by the
State that appellant rolled the cigarettes himself.  Furthermore, when the
marijuana cigarettes were found on appellant, they were wrapped in tissue. 
Thus, appellant could have possessed them and never have touched them.  To the
extent that a finding of no DNA or someone else=s DNA could be
considered exculpatory, it would not, in light of the trial record, show by a
preponderance of the evidence that appellant would not have been convicted of
possession.  It would, at best, Amuddy the waters.@  See Rivera,
89 S.W.3d at 59.  Because we find that the trial court reached the correct
result, we overrule all three of appellant=s issues.

Conclusion

Having overruled all of appellant=s issues, we
affirm the judgment of the trial court. 

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 19, 2008.

Panel consists of
Justices Yates, Fowler, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).